Northern District of Texas

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

<u>New Complaint for New Case</u> 19 MAY 24 AM 11:08

DEPUTY CLERK ___

Rev. Ryan "Sasha" Gallagher
1723 Candleglow
Castle Rock, Co 80109

**3-19CV-1251B**

v.

Ole Miss (University of Mississippi)
P.O. Box #1848
University, MS 38677

FDA (Food and Drug Administration)-Scott Gottlieb
10903 New Hampshire Ave
Silver Spring, MD 20993

DEA (Drug Enforcement Administration)-Uttam Dhillon
75 Morrissett Dr
Springfield, VA 22152

US Attorney General
950 Pennsylvania Ave. Nw
Washington, DC 20530

<u>Jurisdiction: SBREFA & Sherman Act</u>

I am a refugee from Dallas, Requesting Small Business Flexibility

National Mobilization Com. to End War in Viet Nam v. Foran, 297 F. Supp 1 (NDILL 1968)

The Sherman Act - Anti-Trust Law

Washington v. Sessions, 1:17cv05625 (SDNY 2018) - Marijuana Refugee

## Allegations

I realledge all facts in case #
3:18 CV 00263 (MS ND 2019), see
"Report and Recommendation", "Initial Complaint",
and "Response to Report and Recommendation".

I ask this court to transfer Docket
from 3:18 CV 00263

I further realledge all facts in
Gallagher v. DEA, 1:18 CV 02505 (Colo Dist 2018)

I was nearly Evicted (Not served) due
to the regulatory, Monopolistic, Trust
of the DEA and FDA, due to their
contract with Ole Miss (Controlled Substances Act)

My brother is Dead, deceased, due to this monopoly
and the fact that Hospitals do not have access
to a free market, but instead have been
restrained to Ole Miss.
Craker v. DEA, 09-1220 (1st Cir 2013) - Growing Marijuana
Normaco v. DEA, 02-1211 (DC Cir 2004) - Anti-Trust

This court is familiar with at least
2 of my cases, which are essentrally the

same cases.

Gallagher v. DEA, 3:2017cv00734
Gallagher v. Dhillon, 3:18cv02801

I request records from these cases
be transferred to this case.

Then there is Gallagher v. FDA, 1:18cv02154
which I also ask for records from.

This case is distinct in that Religion
is overshadowed by the Anti-Trust aspect.
My Religion is violated, and Stiffled by
the Trust. But the Trust itself is
still the primary focus of this case.
I will Efile Exhibits. This is a SBREFA & RFRA Case.
            Sherman Act.                          RLUIPA

<u>Whereby the Plaintiff prays the Court,</u>

Transfer all requested Documents,
End the Trust; perpetuated by the
AG's office, impose an injunction on
the Trust, Declare Constitutional violations,
Award Punitive Damages, Award Actual Damages,
Enforce SBREFA.

Rev. Ryan "Sasha" Gallagher

# U.S. SMALL BUSINESS ADMINISTRATION
## WASHINGTON, D.C. 20416

OFFICE OF THE NATIONAL OMBUDSMAN                    FEB 2 8 2019

Reverend Ryan Gallagher
The Shaivite Temple of Colorado
1010 Lakewood Drive
McKinney, TX  75070

Dear Reverend Gallagher:

As indicated in my correspondence dated December 19, 2018, your comment regarding the Drug
Enforcement Agency (DEA) Religious Exemption process for the Pharmaceutical Registration
was referred to the U.S. Department of Justice for review and a response.  I have enclosed a copy
of the response with this letter.

If you have any questions or further concerns, please contact Ms. Cynthia Pope, Case
Manager, by telephone at (202) 205-2417 or by e-mail at Ombudsman@sba.gov.

Sincerely,

Mina A. Wales
Deputy National Ombudsman

encl.

MAW/cdp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


REV. RYAN SASHA GALLAGHER                                          PLAINTIFF


V.                                            CIVIL ACITON NO. 3:18-CV-263-NBB-DAS


DEA, FDA, OLE MISS and
US ATTORNEY GENERAL                                              DEFENDANTS


<u>REPORT AND RECOMMENDATION</u>

Presently before the court is the plaintiff's application to proceed *in forma pauperis*.

Title 28 U.S.C. § 1915(a) provides, "[A]ny court of the United States may authorize the

commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or

appeal therein, without prepayment of fees or security therefor, by a person who submits

an affidavit that includes a statement of all assets  such prisoner possesses that the person is

unable to pay such fees or give security therefor." This statute does not provide an absolute right

to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976).

It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or

malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to

determine whether or not to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex.

1976), and the court may monitor a civil action that has been instituted *in forma pauperis* to

avoid or minimize abuse of prosecution of such civil suits. *Hawkins v. Elliot*, 385 F. Supp.

354(D. S.C. 1974) and *Mann v. Leeke*, 73 F.R.D. 264(D. S.C.1974).

The undersigned has reviewed the complaint in this action and recommends that the

motion to proceed *in forma* pauperis be denied and the action dismissed as frivolous. Having

1

reviewed this and numerous other filings by this plaintiff in several other federal courts, the

undersigned finds this action is a continuation of a pattern of frivolous and/or malicious filings

by this plaintiff. Because of this pattern of filings, the undersigned also recommends the

imposition of sanctions and filing restrictions, previously levied by the District Court of

Colorado, on a reciprocal basis.

*[handwritten: Convoluted series of events: Marijuana Tax Act, Leary, UN Psychotropics, CSA]*

## THE COMPLAINT

The plaintiff filed this action against the Drug Enforcement Agency, Uttam Dhiullon, its

administrator, the Food and Drug Administration, its administrator Dr. Scott Gottlieb, the

Attorney General of the United States, and the University of Mississippi, identified in the

complaint only as Ole Miss. The plaintiff, in addition to claiming jurisdiction based on suit

against the federal government, claims violations of the Sherman Anti-Trust Act. He alleges

that marijuana was legalized by *Leary v. U.S.* 395 U.S. 6 (1969). The case, of course, did not

have the impact he alleges. Gallagher also asserts that in 1971, the UN Psychotropics

Convention was signed and the Controlled Substances Act went into effect, though he does not

explain the relevance of this history to his claims. He argues that the University of Mississippi

has a monopoly, by virtue of an FDA-NIDA(apparently referring to the National Institute on

Drug Abuse) contract. He alleges his brother died in 2013 in Colorado and that some unnamed

doctor or doctors said the brother could have been saved by cannabinoids, but they were afraid

because of federal law—"So the monopoly killed his brother." He also alleges that the

Mississippi monopoly was converted into a 'trust' in 2016. *[handwritten: No, I claimed it ended, at that time Therefore Religious Marijuana is Legal now]*

Gallagher claims he filed an administrative claim in October 2016 referencing federal

regulations governing applications to be registered to manufacture marijuana to supply

researchers in the United States. He alleges the DEA has been too slow and they have not

responded to his administrative filing.  He allegedly contacted the FDA but was told they "don't

do religion."  He claims to have contacted the DEA to get their religious exemption process, and

again states the DEA process is so slow that it caused him to be "almost" evicted, because he

was unable to make a living. Gallagher alleges he is a Hindu Shaivite priest and that his religion

uses marijuana in rituals, particularly by the priests.  He claims he is a refugee from Texas, living

in Colorado, though more recent correspondence and filings indicate he is now living in Texas.

*No, all payments were made. Evicted almost for growing Religious Sacrament*

After carefully considering the contents of the *pro* se complaint and giving it the liberal

construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the court has concluded that not

only does the complaint violate Fed. R. Civ. Pro. 8, but that the action is frivolous.  The

*I don't own a printer*

allegations are vague, disjointed and fails to provide a short and plain statement of claims against

the various defendants.  The plaintiff fails to set forth what each defendant has done that caused

*Then Send Questionnaire*

alleged damages to the plaintiff and/or to show a viable theory for recovery.   While the court is

aware that the University of Mississippi, at least in the past, produced marijuana for research

purposes, that fact does nothing to establish a claim against the university regarding his young

brother's unfortunate death or the plaintiff's desire to have access to the drug.  In fact, the heart

of the complaint appears to be that the plaintiff is disgruntled because marijuana is not legal and

easily accessible to him. He seeks recovery from the other defendants because he thinks he

*No, Hospitals, Plus I grow Religiously as a Ritual Theurgy*

should have the right to produce and use marijuana--either by contract or a RFRA-exemption and

is displeased that his efforts to reach that result have been unavailing.

A complaint lacks an arguable basis in law if it is "based on an indisputably meritless

legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges

the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327

(1989).  Here, not only are multiple immunity defenses available to the named defendants, the

FILED

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

United States Court of Appeals
Tenth Circuit

March 7, 2019

Elisabeth A. Shumaker
Clerk of Court

RYAN GALLAGHER, Rev. "Sasha,"

Plaintiff-Appellant,

v.

DRUG ENFORCEMENT
ADMINISTRATION; JAMES
ARNOLD; SUSAN A. GIBSON; and
DREW, Agent in Centennial Office,

Defendants-Appellees.

No. 18-1352
(D.C. No. 1:18-CV-01674-LTB)
(D. Colo.)

ORDER AND JUDGMENT*

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

This appeal is brought by Rev. Ryan "Sasha" Gallagher, who

identifies himself as a Hindu Shaivite. Rev. Gallagher allegedly regards

marijuana as a religious sacrament, so he asked the Drug Enforcement

---

\*    Oral argument would not materially aid our consideration of the
appeal, so we have decided the appeal based on the briefs. *See* Fed. R.
App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited as otherwise appropriate. *See* Fed.
R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

*No, the DEA has yet to respond to the Petition*

Administration for an exemption allowing him to use marijuana. According

to Rev. Gallagher, the DEA failed to timely respond but eventually asked

for a meeting with him. Rev. Gallagher responded by suing, alleging that

the delay violated his constitutional rights and that the DEA's request for a

meeting constituted a subterfuge to force him to incriminate himself. The

*No a Religious Entanglement in violation of 1st and 5th amendment*

district court dismissed the action, concluding that the allegations in the

complaint were frivolous and failed to state a claim on which relief can be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). We affirm.

On appeal, we apply a two-part standard based on the two different

grounds for dismissal. For the dismissal based on frivolousness, we apply

the abuse-of-discretion standard. *See Conkle v. Potter*, 352 F.3d 1333, 1335

n.4 (10th Cir. 2003) ("This court reviews frivolousness dismissals for an

abuse of discretion."). For the dismissal involving failure to state a claim

on which relief can be granted, we apply de novo review. *See Perkins v.*

*Kan. Dept. of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) (holding that we

apply de novo review to a dismissal under 28 U.S.C. § 1915 based on

failure to state a claim on which relief can be granted).

*No, I claim they are not responding at all*

In the complaint, Rev. Gallagher alleged that the DEA took too long

to respond to his request for a religious exemption. The district court

pointed out that Rev. Gallagher hadn't identified the drug he wanted to use

or how it is used in his religion. Without such basic information, the

district court concluded that Rev. Gallagher's claim was frivolous and did

*Rule 83(a)(2) the District court erred in forcing me to follow Rule 8, and therefore violated my Right to court access*

2

not amount to a constitutional violation. In his appeal brief, Rev. Gallagher does not say how the district court erred in its analysis of this claim.

Rev. Gallagher also alleged in the complaint that the DEA was trying to force him to incriminate himself. For this allegation, the district court reasoned that Rev. Gallagher had not explained how arrangement of a meeting would violate his constitutional rights. In his appeal brief, Rev. Gallagher again fails to say how the district court erred in its consideration of this claim.

In his appeal brief, Rev. Gallagher adds allegations involving the "incorporation doctrine" and "bill of attainder." But he did not include these allegations in district court, so they are considered forfeited. *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1351–52 (10th Cir. 2017). And even here, Rev. Gallagher fails to explain (1) how his allegations would implicate the so-called "incorporation doctrine" or (2) how he was subjected to a bill of attainder.

For these reasons, the district court did not abuse its discretion in characterizing Rev. Gallagher's claims as frivolous. Nor did the court err in deciding that the complaint failed to state a claim on which relief can be granted.

3



1723 Candleglow
Castle Rock, Co 80109

DENVER CO 800
23 APR 2019 PM 6 L

RECEIVED-1

MAY 2 4 2019

MAILROOM

Federal Clerk
1100 Commerce St
Dallas, TX 75242

75242-079599

