IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GALLAGHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1251-B-BN |
| | § | |
| OLE MISS (UNIVERSITY OF MISSISSIPPI), ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Ryan Gallagher filed this *pro se* action against "Ole Miss (University of Mississippi)"; the Food and Drug Administration ("FDA"); the Drug Enforcement Administration ("DEA"); and the Attorney General of the United States (the "AG"), seeking "to reallege all facts" he alleged in two previous lawsuits dismissed by other federal district courts and reassert claims he previously made in this district, in *Gallagher v. Drug Enforcement Agency*, No. 3:17-cv-734-L-BN, 2018 WL 1703121 (N.D. Tex. Feb. 8, 2018), *rec. accepted*, 2018 1697675 (N.D. Tex. Apr. 6, 2018) (dismissing action for lack of subject matter jurisdiction), *appeal dismissed for lack of jurisdiction*, No. 18-11105, 2018 WL 7360638 (5th Cir. Oct. 10, 2018) (per curiam) ("*Gallagher I*").

His action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction and – to the extent that there is subject matter jurisdiction – as malicious because it is barred by res judicata and should impose sanctions in the form of filing restrictions, as set out below.

## Legal Standards and Analysis

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) if it presents allegations that are frivolous or that fail to state a claim, such as allegations barred by the doctrine of sovereign immunity. *See, e.g., Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam). Relatedly, federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

I.   <u>Subject Matter Jurisdiction</u>

As to the FDA, the DEA, and the AG, as the Court explained in *Gallagher I*,

> "[t]he United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, "[a] plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) ("*In re FEMA Trailer*").
> 
> The sovereign immunity of the United States extends to its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))). Sovereign immunity therefore extends to the [FDA and the] DEA. *See,*

> *e.g., Richards v. Pennsylvania*, 196 F. App'x 82, 85 (3d Cir. 2006) (per curiam) (citation omitted).
>
> As to the AG, it is not clear the capacity under which he has been sued. But, in this circuit, "[a] person's capacity need not be pled except to the extent required to show the jurisdiction of the court." *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam) (citing FED. R. CIV. P. 9(a)). Therefore, "[t]he allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action." *Id.* (citation omitted). Here, those allegations reflect that the AG has been sued in his official capacity.
>
> And, because Gallagher claims that his constitutional rights have been violated under the color of federal law, he is asserting a claim for relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
>
> "But even so construed, [his] constitutional claim[s] must fail: A *Bivens* action does not lie against federal agencies or the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (citing *Meyer*, 510 U.S. at 483-86)); *see also id.* at 1140 (noting that, under *Bivens*, "[f]ederal officers may be sued in their personal capacities for violating an individual's constitutional rights" (citation and emphasis omitted)).
>
> Therefore, as pleaded, this action must be dismissed without prejudice as frivolous for lack of subject matter jurisdiction. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) (per curiam) (noting that "'dismissal for want of jurisdiction bars access to federal courts,'" "'is *res judicata* only of the lack of a federal court's power to act,'" and "'is otherwise without prejudice to the plaintiff's claims,'" which means that "'the rejected suitor may reassert his claim in any competent court'" (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985))); *cf. In re FEMA Trailer*, 851 F.3d at 287 ("Waivers of sovereign immunity should be narrowly construed in favor of the United States." (citing *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006))).

*Gallagher I*, 2018 WL 1703121, at *1-*2.

II.     Res Judicata

Further, even if subject matter jurisdiction exists over these defendants, as to all claims that Gallagher now alleges, where claims presented in a case "are

-3-

duplicative of claims already asserted and dismissed in [a] previous case," those claims "must be dismissed as malicious" or, alternatively, because they "are also barred by the doctrine of *res judicata*, ... for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cnty., Tex.*, No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[(e)] as malicious." (citations, internal quotation marks, and brackets omitted))); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

"[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Pittman*, 980 F.2d at 995; quotation modified).

-4-

Focusing just on a recent action filed by Gallagher against all defendants named in this action – an action that Gallagher cites in his complaint, *see* Dkt. No. 3 at 2 (requesting that the Court "transfer Docket" from that action to this case) – in *Gallagher v. DEA*, No. 3:18-CV-263-NBB-DAS, 2019 WL 1997481 (N.D. Miss. Apr. 16, 2019), *rec. adopted*, 2019 WL 1996675 (N.D. Miss. May 6, 2019) ("*Gallagher II*"), the court "concluded that not only does the complaint violate [Federal Rule of Civil Procedure] 8, but that the action is frivolous."

> The allegations are vague, disjointed and fails to provide a short and plain statement of claims against the various defendants. The plaintiff fails to set forth what each defendant has done that caused alleged damages to the plaintiff and/or to show a viable theory for recovery. While the court is aware that the University of Mississippi, at least in the past, produced marijuana for research purposes, that fact does nothing to establish a claim against the university regarding his young brother's unfortunate death or the plaintiff's desire to have access to the drug. In fact, the heart of the complaint appears to be that the plaintiff is disgruntled because marijuana is not legal and easily accessible to him. He seeks recovery from the other defendants because he thinks he should have the right to produce and use marijuana--either by contract or a RFRA-exemption and is displeased that his efforts to reach that result have been unavailing.
> A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, not only are multiple immunity defenses available to the named defendants, the plaintiff has not suggested a viable constitutional or other statutory basis for suing any of the defendants.

2019 WL 1997481, at *2.

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir.

1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here – as between this action and *Gallagher II*, the parties are identical, and another federal district court in this circuit entered a final judgment dismissing the prior case with prejudice as frivolous.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004))); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citation omitted)).

The claims here –if not exactly those from *Gallagher II* – at a minimum,

emanate from the same nucleus of operative facts. The fourth condition is therefore also easily met.

Thus, to the extent that the Court possesses subject matter jurisdiction over any claims asserted here, this action is barred by res judicata and should be dismissed as malicious.

III.  Sanctions

Finally, the court in *Gallagher II* examined Gallagher's litigation in federal courts in 2018. That year alone,

> in various district courts and courts of appeals, Gallagher has pursued 36 different actions, greatly multiplying the three actions he filed in earlier years. Breaking down the litigation by courts, he has pursued three appeals in the Fifth Circuit Court of Appeals and seven in the Tenth Circuit. In the Colorado district court, he filed fourteen cases last year. He also filed four cases in the district court for the District of Columbia and seven cases in two different Texas district courts. Added to the total are one case filing each for the Northern District of California, the Northern District of Georgia and the action in this court.

*Gallagher II*, 2019 WL 1997481, at *2.

That court then imposed as a sanction the same filing restrictions that a Colorado federal district court previously imposed against Gallagher – that Gallagher be prohibited from filing new actions without the representation of a licensed attorney admitted to practice in the federal court,

> unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Gallagher will be directed to take the following steps:
>     1. File with the clerk of this Court a motion requesting leave
>     to file a *pro se* action.
>     2. Include in the motion requesting leave to file a *pro se*
>     action the following information:

> A. A list of all lawsuits currently pending or filed previously in the District ... , including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and
> B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District .... If so, he must cite the case number and docket number where the legal issues previously have been raised.
> C. A notarized affidavit, in proper legal form, which certifies that, to the best of Plaintiff's knowledge, the legal arguments being raised are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay, harassment, or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.
> 3. Submit the proposed new pleading to be filed in the *pro se* action.
>
> The ... above described documents shall be submitted to the Clerk of the Court, who shall forward them the Chief Judge, or other judge designated by the Chief Judge for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules ....

*Gallagher II*, 2019 WL 1997481, at \*3-\*4.

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at \*2 (N.D. Tex. Apr. 9, 2008)

(quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). And the Court routinely "honors sanctions imposed by other federal district courts in Texas" against prisoner and non-prisoner vexatious litigants alike. *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-cv-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008).

Given Gallagher's vexatious filing history – as further shown by his filing this action less than three weeks after the dismissal of *Gallagher II* – there is no reason to not expand the Court's acceptance of other federal district courts' sanctions to those imposed by the District of Colorado, which were adopted by the Northern District of Mississippi. This filing sanction is both reasonable and narrowly tailored. And a uniform filing sanction across multiple federal district courts benefits Gallagher, as a *pro se* litigant.

## Recommendation

The Court should dismiss this action without prejudice for lack of subject matter jurisdiction and – to the extent that there is subject matter jurisdiction – as malicious because it is barred by res judicata and should impose sanctions in the form of filing restrictions, as set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 28, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE